GEORGE PIERCE, ALIAS SAM PIERCE, v. STATE.

No. 2284. Decided February 19, 1913.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Continuance.**

Where defendant's application for continuance showed, in connection with the record on appeal, that the alleged absent testimony was not probably true and was of an impeaching character, there was no error in overruling the motion. Following Bolton v. State, 43 S. W. Rep., 1010.

**2.—Same—Evidence—Practice in District Court.**

Where defendant had sought to impeach the State's witness, there was no error to admit testimony in support of the witness, and this can be done at any time before the argument is concluded, under Article 698, Code Criminal Procedure.

**3.—Same—Evidence—Bill of Exceptions.**

Where defendant complained that the court permitted the introduction of part of his application for a continuance, but the court's qualification showed that this was not true; that only a reference was made thereto in argument, there was no error.

**4.—Same—Motion for New Trial—General Objections.**

An objection that the verdict is contrary to the law and the evidence only presents the question, that the testimony does not sustain the verdict, for review.

**5.—Same—Remarks by Judge.**

Where it appeared on trial that no jury had been empaneled, and it was not shown that anyone who served on the jury heard the remark by the judge to which objection was made, there was no error.

**6.—Same—Charge of Court—Occupation—Number of Sales—Harmless Error.**

Where the court in his charge instructed the jury that two sales must be proved to have been made within two years instead of three years, in defining as to what constituted pursuing the occupation of selling liquor in local option territory, such error was harmless, the charge being otherwise correct.

**7.—Same—Charge of Court—Pursuing Occupation.**

Where the charge of the court was not subject to the criticism that it virtuallly instructed the jury that if they believed that the defendant made one sale of intoxicating liquors on either of the said above mentioned dates to find him guilty of the offense of pursuing the occupation, there was no error, when considered as a whole; the jury being required to find at least two sales while he was pursuing such occupation.

**8.—Same—Charge of Court—Definition of Occupation.**

Where no part of the court's charge authorized the jury to convict defendant of pursuing the business or occupation of making one sale of intoxicating liquors in local territory, but on the whole, instructed the jury that they must find that defendant was engaged in the business or occupation and made at least two sales, there was no error, although the definition of occupation might have been fuller; yet, no requested charge was requested.

**9.—Same—Charge of Court—Druggist.**

Where there was no evidence that the defendant was a druggist or had license to sell on prescription, and that idea was excluded entirely, the criticism that the court's charge authorized the jury to convict a druggist who sells intoxicating liquors on prescription is wholly untenable.

**10.—Same—Charge of Court—Harmless Error.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court erroneously instructed the jury that in case of a reasonable doubt, they might convict defendant for a violation of the local option law if he made one sale under it, and which subjected him to a fine and confinement in the county jail, the error was harmless, as he was not convicted of that offense and the same is entirely distinct from the one for which he was tried and convicted.

**11.—Same—Law In Force—Waiver.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the defendant waived the reading of the orders of the Commissioners Court pertaining to local option being in force in the county of the prosecution and admitted their introduction in evidence, he could not claim, in his motion for rehearing in this court, that there was no evidence to show that local option was in force in said county; especially, where the court's charge assumed such fact and no objection was made thereto in motion for new trial.

Appeal from the District Court of Newton.    Tried below before the Hon. W. B. Powell.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Forse & Wigley,* for appellant.—On question of continuance: Lopez **v.** State, 52 Tex. Crim. Rep., 226, 106 S. W. Rep., 336; Presley **v.**

State, 60 Tex. Crim. Rep., 102, 131 S. W. Rep., 332; Roquemore v. State, 54 Tex. Crim. Rep., 592, 114 S. W. Rep., 140.

On question of law in force: Ellis v. State, 59 Tex. Crim. Rep., 630, 130 S. W. Rep., 170.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of pursuing the occupation of selling intoxicating liquors in prohibition territory.

When the case was called for trial he filed an application for a continuance on account of the absence of Phillip Berren and J. A. Miller, alleging that he could prove, in substance, the same facts by each. The court overruled the application, had additional process issued, and postponed the case until next morning. Miller was found, and attended court, when appellant filed an amended motion, basing it solely on the ground of the absence of Berren. The evidence in the case would disclose that Miller testified and denied each fact that appellant had stated in his application he expected to prove by him. A number of witnesses also testify that the absent witness Berren was not at the place defendant alleged in his application, and when we consider the testimony of the witness Allen we think it hardly probable that the witness would testify that appellant did not sell any whisky to Allen. Allen says he purchased whisky from him on many occasions from October to March. The only allegation is that Berren would testify that appellant did not sell Allen whisky on March 16th and 17th. When no one of the witnesses who testified in the case ever saw Berren at the place where appellant lived and is said to have sold the whisky, and all say he had not been there, we think the court was authorized to find and hold that the testimony was not probably true. The facts stated it was expected to prove by the absent witnesses would only tend to impeach the witness Allen by proving contradictory statements, and it has always been held that a continuance will not be granted to secure testimony solely of an impeaching nature. Bolton v. State, 43 S. W. Rep., 1010, and cases cited in sec. 612, White's Ann. Code of Crim. Procedure.

While the State was offering testimony in rebuttal it introduced J. A. Miller, to whose testimony the objection was made that "it was not in rebuttal of anything offered by defendant." Since the adoption of Article 698 of the Code of Criminal Procedure, it has always been held that the court may allow testimony to be introduced at any time before the argument is concluded, if in the opinion of the court it is necessary to a due administration of justice. The defendant had sought to impeach John Allen, and under such circumstances it would be permissible for the State to support him. Branch's Crim. Law, sec. 874.

Appellant in another bill complains that it was error to permit

the State to introduce in evidence a part of defendant's first application for a continuance in which he stated: "Defendant expects to prove and will prove by the witness Miller that he heard, John Allen state he was telling a lie when he testified in Justice Court that he bought whisky from this defendant," etc. The court states, in approving the bill, that no part of the application for a continuance was admitted in evidence, and the statement of facts signed as agreed to by counsel supports the court in his statement. The court further states that in arguing the admissibility of the testimony of Miller some reference was made to what defendant had contended he could prove by him, and this was the only reference made to it. As it is shown that it was not admitted in evidence, the court did not err in the matter.

Those two bills of exception which complain that the court erred in overruling the motion for new trial (1st) "Because the verdict and judgment rendered herein are contrary to law;" and (2nd) "Because the evidence is not sufficient to sustain the conviction had hereunder, because it does not show that this was defendant's occupation or business," presents no question for review, except that the testimony does not sustain the verdict. The evidence offered by the State amply supports a finding that he was pursuing the business alleged.

Appellant also complains that when this case was called for trial, and he moved to continue the case on account of the absence of the witness Miller, the court remarked "that he also wanted the witness Miller because he wanted to predicate an indictment for perjury on the motion for a continuance." It appears by the qualification of the bill that no jury had been impaneled at this time; that on this application the court postponed the case until the next day, and had process issued for this witness, whose attendance was secured. As the bills show that no jury had been impaneled, and it is not shown that any man who served on the jury heard the remark of the court, or if so that he was objected to on that ground by appellant, this presents no error.

The appellant selects the following paragraph of the court's charge: "Two sales of whisky will not of itself constitute the offense of engaging in or pursuing the occupation or business of selling intoxicating liquor, but before anyone can be convicted who is engaged in or pursuing the occupation or business of selling intoxicating liquors the State must prove at least two sales to one or more persons as alleged in the indictment within two years next preceding the filing of the indictment." One complaint is that the court erred in stating two sales must be proven to have been made within two years; that this is not the law. This is true, but it is more favorable to defendant than is the letter of the law. The Act making pursuing the occupation or business a felony says that at least two sales must be proven to have been made within *three* years, and the court in limiting the time to two years in which the sales could have been proven commit-

ted an error favorable to defendant, and of which he will not be heard to complain. The complaint that it is upon the weight of the testimony is also a matter of which defendant cannot complain. In telling the jury that "two sales in and of itself will not constitute the offense of engaging in the business," if upon the weight of the testimony, would be as favorable to defendant as the matter could be stated, and the paragraph does not assume that the appellant was engaged in the business or occupation. After giving his and other definitions of the law of the case, the court instructs the jury: "As to whether or not the defendant was engaged in or pursuing the occupation or business of selling intoxicating liquors in violation of law is a question of fact for you to determine under all of the testimony and circumstances in evidence before you," and then submits the issues in the following language:

"Now, Gentlemen of the jury, bearing in mind all of the foregoing instructions of law and the evidence before you, you will consider of your verdict and if you believe beyond a reasonable doubt that the defendant did in Newton County, Texas, on or about the 17th day of December, 1911, and on or about the 22nd day of December, 1911, and on or about the 16th day of March, 1912, and on or about the 17th day of March, 1912, and on or about the 20th day of March, 1912, or on either said days and dates did unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in violation of said law and you further believe beyond a reasonable doubt that he also in said County and State on the 17th day of December, 1911, sell intoxicating liquors to Wm. Cheatham in violation of law and on or about the 22nd day of December, 1911, sell intoxicating liquor to Jim Boyd in violation of law and did on or about the 17th day of March, 1912, sell intoxicating liquors to John Allen, in violation of law and on or about the 20th day of March, 1912, sell intoxicating liquors to John Allen or did make any two of said sales you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for any time not less than two nor more than five years as you may determine and so say in your verdict."

This latter paragraph is also criticized by appellant, the objection as stated being "that it virtually instructs the jury that if they believe that this defendant made one sale on either or any of the said above mentioned dates they would find him guilty of the offense of pursuing the occupation." The charge is not subject to this criticism. It instructs the jury that they must find first that he was engaged in the business or occupation on given dates and made sales to certain parties, "or did make any two of them." It would have been better to have left out the words "or on either of said days or dates" where they occur in the paragraph, yet when the paragraph as a whole is read, the court informs the jury that at least two sales

must be proven while defendant was pursuing the business or occupation, and no other inference or deduction could have been drawn from the language used.

The criticism of the paragraph defining occupation or business is on the ground that it "instructed the jury that any person who buys whisky or other intoxicants one time for the purpose of selling it to another, and who does actually sell it to such other, making one sale only, and that sale being the result of one purchase, is guilty of pursuing the occupation," etc. This paragraph is not subject to such construction. In no part of the charge is the jury authorized to convict defendant of the business or occupation on making only one sale, but the charge as a whole instructs the jury that they must find that he was engaged in the business or occupation and made at least two sales. While the definition of "occupation or business" is perhaps not as full as it should have been, it is not objected to on that ground; no special charge is asked, and the objections made present no error. The criticism that it authorizes the jury to "convict a druggist who sells intoxicating liquor on prescription," etc., might have had some foundation if there was any evidence that appellant was a druggist or had license to sell on prescription, but the evidence excludes that idea. It shows that he was running a boarding house at a lumber or logging camp, and there is no suggestion that he had a license, and it has always been the rule of law in this State that an issue not made by the evidence need not be submitted to the jury.

Wm. Cheatham testified that on the 17th day of December he secured a pint of whisky from appellant and paid him ninety cents for it; that he got it at appellant's boarding house in Logtown. Jim Boyd testified that in December he purchased a quart of whisky from appellant at his boarding house, paying him $1.80 for it; that at the time he purchased this quart appellant had five or six quarts on hand that he saw at the place where appellant got him his quart. John Allen testified that he purchased whisky from appellant at his boarding house over a period of time extending from October to March; that he had purchased whisky from appellant at least five or six times during that period; that he could not say how many times he had purchased it; that he paid $1.80 per quart for the whisky. That whenever he wanted whisky he went to appellant at his boarding house and always got it.

Appellant offered no testimony that he did not make these sales, except that he rigidly cross-examined the two witnesses first named, and sought to break down Allen's testimony by cross-examination, and introducing testimony tending to impeach him. We think this testimony would fully support a verdict that appellant was engaged in the business or occupation, and by it it is seen there is no suggestion that "appellant was a druggist selling on prescription."

There is one other criticism of the charge of the court, and it presents error, but is it an error of which appellant can complain, and

which should cause a reversal of the case? The court instructed the jury: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of engaging in and pursuing the occupation and business of selling intoxicating liquors in violation of law, then you will acquit him of that offense and consider further of your verdict, and if you believe beyond a reasonable doubt that the defendant did in Newton County, Texas, on or about the time alleged in the indictment make a sale of intoxicating liquor to Wm. Cheatham, Jim Boyd, John Allen or either of them, then you will find the defendant guilty of selling intoxicating liquors in violation of the local option law and assess his punishment at a fine of not less than $25 nor more than $100 and by confinement in the county jail for not less than 20 nor more than 60 days as you may determine and so say in your verdict."

This is not the law, and this paragraph of the charge of the court should not have been given, but it having been given, it but emphasizes the fact that the complaints of the charge that the charge authorized a conviction of defendant for pursuing the occupation if he made one sale, are unfounded. A charge must always be construed as a whole, and when so taken if it fairly presents the law of the case, no error is presented. Under all these instructions the jury convicted appellant of pursuing the occupation or business, and assessed his punishment at confinement in the penitentiary for two years, thus not only finding that appellant made sales to the persons named in the indictment, but that he was also engaged in that business or occupation, for they were specifically told in the charge if they did not find he was engaged in that occupation, to find him guilty of only a misdemeanor, and assess his punishment at a fine, etc. Had the jury found appellant guilty of the latter offense, the verdict could not be sustained, for pursuing the business or occupation and making a single sale are separate and distinct offenses, and are not degrees of the same offense under Article 752 of the Code of Criminal Procedure. They are as much separate and distinct offenses as are theft and burglary, and no one would contend that under an indictment charging theft only a party could be convicted of burglary, nor if burglary alone was charged one could be convicted of theft. So in this case the appellant being charged with offense of pursuing the business or occupation of selling intoxicating liquors, he could not be convicted of the offense of merely making a sale or sales of intoxicating liquors when not pursuing that business or occupation. However, as he was in fact convicted of the offense with which he was charged in the indictment, does the fact that the court in his charge authorized a conviction (if the jury found he was not guilty of the offense charged in the indictment) of an offense not charged in the indictment, when such offense has provided therefor a much less penalty, necessarily result in a reversal of a case. Had he been convicted of the offense not charged in the indictment, there can be no question the case would necessarily be reversed, but having been convicted of

the offense with which he was charged, could the giving of this paragraph of the charge have been injurious to defendant? Authorizing one to be convicted of a degree of offense not raised by the evidence, where the offense contains degrees, and where the punishment is much less for the degree submitted than that for the offense of which he stands charged, has been frequently held to be an error of which a defendant can not complain, and this even though the defendant is convicted of the lesser degree of the offense. In this case, under the mistaken idea that the offense of selling intoxicating liquors was but a degree of the offense of pursuing the business or occupation of selling intoxicating liquors, the court submitted both offenses, but inasmuch as this charge was favorable to defendant in that it presented clearly and succinctly to the jury that they could not convict defendant of the offense charged for making a sale of intoxicating liquors, but must further find that he was, in making the sales, pursuing that business or occupation, it is such error in this case as is only not harmful to appellant, but really beneficial to him, and as he was found guilty, under such circumstances, of the graver offense, and of the offense really charged in the indictment, the error is harmless, and under such circumstances, under the laws of this State, we are not authorized to reverse the case.

The judgment is affirmed.

*Affirmed.*

ON REHEARING, MARCH 19, 1913.

HARPER, JUDGE.—Appellant has filed a motion for rehearing presenting only one question, and one that was not presented in appellant's brief, nor in his motion for new trial. In fact it is first suggested by him in this motion for rehearing in this court, and that is: "There is no evidence to show local option was in force in Newton County, nor was it admitted that local option was in force in Newton County." If this is true, it is strange that appellant did not raise that question in the trial of the case, and did not assign as error the part of the charge of the court wherein the court instructed the jury that prohibition was in force in Newton County. Of course, if appellant's contention, even though raised this late, is correct it would be fatal to the conviction, because this court, and no other court, can take judicial notice of those portions of this State in which local option has been adopted, but in the trial of the case it must be proven that local option has been adopted. However, in this record, we think this fact was proven in the trial of the case, and appellant's attempt at this late hour to take advantage of perhaps an inapt expression in the statement of facts showing that fact, will not be allowed. In the statement of facts agreed to by appellant's counsel, it is shown that when the State introduced in evidence the orders of the Commissioners Court showing that local option had been adopted, defendant made the following admission: "Deft. It is admitted that

the orders pertaining to *local option being in force* be considered read, that is, we waive the reading of the orders.''

This clearly shows that the orders were introduced in evidence, and that they showed that local option was in force in that county. In his charge the court instructed the jury: ''The orders of the Commissioners Court read before you establishes that the law prohibiting the sale of intoxicating liquors in Newton County, Texas, is in force, and that said law is now and was at the time of the alleged sales in force and that it was unlawful to make sales, if any were made, as alleged.''

As stated herein before, appellant in his motion for new trial, made no complaint of this paragraph of the court's charge, and in said motion there is no allegation that this fact had not been proven, and in the brief filed in this court there was no such contention, and it is first attempted to be raised in a motion for rehearing in this court.

Defendant having made the admission and statement the record shows he made in the court below, will not now be heard to complain that the record is not more explicit.

The motion for rehearing is overruled.

*Overruled.*